IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-21039
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

RUBEN DARIO SANCHEZ,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H 95-1369
- - - - - - - - - -
September 25, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ruben Dario Sanchez, #60156-079, appeals from the district
court's order denying his motion to vacate, set aside, or correct
his sentence pursuant to 28 U.S.C. § 2255.  Sanchez argues that
counsel was ineffective:  1) due to a conflict of interest;
2) for failing to compel the testimony of codefendants Dino and
Alberto Esguerra; 3) for failing to request the district court to
provide a "theory of defense" and elements of conspiracy

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

instructions to the jury; and 4) for failing to raise meritorious issues on appeal. Sanchez argues that the district court erred in granting the Government's motion for summary judgment because a genuine issue of material fact exists because the district court failed to consider the affidavits of the codefendants which Sanchez submitted in support of his § 2255 motion. Sanchez argues that the district court erred in failing to conduct an evidentiary hearing.

Sanchez failed to establish that counsel's alleged conflict of interest and failure to compel the testimony of the codefendants was prejudicial. See Strickland v. Washington, 466 U.S. 668, 697 (1984). Sanchez unsuccessfully raised the issue of ineffective assistance of counsel with respect to the jury instructions on direct appeal. United States v. Sanchez, No. 93-2288 at 3-5 (5th Cir. Feb. 11, 1994) (unpublished). Because this issue was raised and disposed of on direct appeal, it cannot be considered in Sanchez's § 2255 motion. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986), cert. denied, 476 U.S. 1118 (1986). Sanchez's contention that counsel was ineffective for failing to raise meritorious issues on appeal was not adequately briefed and is thus deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Sanchez's argument that the district court erred in granting summary judgment because it failed to consider the affidavits of the codefendants is without merit. See Sanchez v. United States,

No. H-92-247 (S.D. Tex. Oct. 25, 1995).  The district court did not err in refusing to conduct an evidentiary hearing, because the record is sufficient for determination of Sanchez's contentions.  United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990), cert. denied, 498 U.S. 1104 (1991).

AFFIRMED.